RECEIVED

JAN 2 2 2015

AT 8:30_____M
WILLIAM T. WALSH CLERK

2013R00130/GSG/RAH/ESW/ms

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**ELIYAHU WEINSTEIN,**<br><br>**Defendant.** | **Criminal No. 14-219**<br>**Hon. Joel A. Pisano, U.S.D.J.**<br><br>**CONSENT JUDGMENT AND**<br>**ORDER OF FORFEITURE**<br>**(MONEY JUDGMENT)** |

**WHEREAS**, on or about September 3, 2014, defendant Eliyahu Weinstein, pursuant to a plea agreement with the United States, pled guilty to Counts One, Two, and Twelve of the Indictment, which charges him with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, committing wire fraud while on pretrial release, in violation of 18 U.S.C. §§ 1343 and 3147, and transacting in criminal proceeds, in violation of 18 U.S.C. § 1957; and

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of a violation of 18 U.S.C. § 1343, which is an offense constituting a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense; and

**WHEREAS** the property subject to forfeiture by defendant Eliyahu Weinstein consists of a sum of money equal to $6,176,750, representing the

property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense; and

**WHEREAS** if, by any act or omission of the defendant, any property subject to forfeiture:

        (A)    cannot be located upon the exercise of due diligence;

        (B)    has been transferred or sold to, or deposited with, a third party;

        (C)    has been placed beyond the jurisdiction of the court;

        (D)    has been substantially diminished in value; or

        (E)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and

**WHEREAS** Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

**WHEREAS** Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents; and

**WHEREAS** defendant Eliyahu Weinstein:

        (1)    Consents to the forfeiture to the United States of $6,176,750 as a sum of money representing property, real or personal, that constitutes or

is derived from proceeds traceable to the offense of conspiracy to commit wire fraud, committing wire fraud while on pretrial release, and transacting in criminal proceeds; and

(2)    Consents to the imposition of a money judgment in the amount of $6,176,750 (the "Money Judgment") pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

(3)    Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment; and

(4)    Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(5)    Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6)    Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7)    Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment; and

**WHEREAS** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, as a result of the offenses to which defendant Eliyahu Weinstein has pleaded guilty, the defendant shall forfeit to the United States the sum of $6,176,750, and a money judgment in the amount of $6,176,750 (the "Money Judgment") is therefore hereby entered against the defendant pursuant to pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and it is further

**ORDERED** that, the defendant having given his consent pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the defendant Eliyahu Weinstein, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction; and it is further

**ORDERED** that all payments on the Money Judgment shall be made by postal money order or bank or certified check, made payable to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970

Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number; and it is further

**ORDERED** that upon execution of this Consent Judgment and Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment into the Department of Justice Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property; and it is further

**ORDERED** that, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and it is further

**ORDERED** that this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**ORDERED** this 22 day of Jan , 2015.

_____
HONORABLE JOEL A. PISANO
United States District Judge

The undersigned hereby consent to
the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

By:  GURBIR S. GREWAL
Assistant United States Attorney

Dated:  1/22/2015

ERIC CREIZMAN, ESQ.
Attorney for Defendant Eliyahu Weinstein

Dated:  January 21, 2015

-6-